## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACKIE CRIDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| VERIZON WIRELESS (VAW), LLC, | ) | **COMPLAINT** |
| | ) | |
| and | ) | |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Jackie Crider, by and through undersigned counsel, and for her Complaint against Defendants, Verizon Wireless (VAW), LLC, and Equifax Information Services, LLC, states and avers as follows:

### INTRODUCTION

1.      This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendants for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

### PARTIES

2.      Jackie Crider ("Plaintiff") is a natural person that resides in Atlanta, Kansas.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4.      Verizon Wireless (VAW), LLC ("Verizon") is a foreign limited liability company that regularly transacts business in Kansas through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603 .

5.      Verizon is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

6.      Verizon is a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

7.      Equifax Information Services, LLC ("Equifax") is foreign limited liability company that regularly transacts business in Kansas through its registered agent, Corporation Service Company, 2900 Wanamaker Drive, Suite 204, Topeka, KS 66614.

8.      Equifax is a national consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10.      Venue in this District is proper because Plaintiff resides in this District, Defendants transact business in this District and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

10.      On or about December 1, 2009, Plaintiff entered into a service contract with Verizon for use of wireless telephone.

11.      Over the next few months, Plaintiff noticed several inaccurate charges on her monthly billing statements.  She promptly contacted Verizon seeking to have the inaccurate charges removed.

2

12.     Verizon failed to remove the inaccurate charges and continued to demand Plaintiff pay in full on the disputed charges ("the Verizon debt").

13.     Eventually, Plaintiff filed a petition for damages in the District Court of Reno, KS, Small Claims Division, on or about October 26, 2010 seeking to have the Verizon debt declared void.

14.     A judgment was entered by the Court on or about December 8, 2010, for Plaintiff in the amount of $931.13.  Plaintiff was also ordered to return two phones to Verizon.

15.     The judgment also terminated any right Verizon may have had to collect the Verizon debt.

16.     Shortly after, on or about January 11, 2011, Plaintiff filed for protection under Chapter 13 of the United Stated Bankruptcy Code.

17.     Although Plaintiff believed the Verizon debt was discharged within the Reno County lawsuit, she included the Verizon debt within her Bankruptcy.

18.     On or about May 12, 2016, the Bankruptcy Court issued an Order granting Plaintiff a discharge.

19.     The Final Decree terminated any rights Verizon (or any purported assignee thereof) may have had against Plaintiff with respect to the Verizon debt.

20.     At no time did Verizon (or any purported assignee thereof) object to or dispute the details of the claim in Plaintiff's bankruptcy petition.

21.     At no time during the Chapter 13 bankruptcy case did Plaintiff reaffirm the Verizon debt with Verizon (or any purported assignee thereof).

**Equifax Refuses to Report Plaintiff's Accounts Correctly After Bankruptcy**

22.     Following her bankruptcy discharge, Plaintiff obtained a copy of her credit report in April 2016.

23.     Plaintiff was shocked and dismayed to discover that Verizon was still reporting derogatory

and inaccurate information on her credit report with Equifax.

24.     In an effort to minimize any damage from what she believed must be a simple mistake, on or about May 17, 2016, Plaintiff contacted Equifax by letter to dispute the false information and request removal of the Verizon account.

25.     Upon information and belief, and pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, Equifax forwarded a copy of Plaintiff's dispute letters to Verizon.

26.     Pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA, Verizon was then obligated to investigate the disputed information for accuracy and modify or delete the information if the disputed information was determined to be incomplete or inaccurate.

27.     Upon information and belief, Verizon sent notice to Equifax stating it had verified the accuracy of the disputed information.

28.     Equifax responded to Plaintiff by letter stating it had verified the accuracy of the disputed information.

29.     Plaintiff, furious that this inaccurate information was still on her report, sent Equifax an additional letter on August 5, 2016, demanding removal of the inaccurate Verizon account.

30.     However, Equifax responded again stating that Verizon had verified the accuracy of the disputed information.

31.     Eventually, in late 2016, the Verizon account was updated on Plaintiff's Equifax report to reflect it was included in a Bankruptcy.

32.     Between May 2016 and the eventual correction of this issue in late 2016, Plaintiff suffered economic loss due to her the derogatory impact of the Verizon account on her credit report.

33.     Upon information and belief, both Equifax and Verizon have received dozens, if not hundreds, of disputes from consumers, like Plaintiff's, complaining that debts discharged in bankruptcy

continue to be reported and wrongly "verified" as due, owing and delinquent.

34.     In fact, in 2005, Equifax was named as a defendant in a number of lawsuits, including a class action lawsuit filed in the Central District of California, alleging that Equifax violated the FCRA and related state laws "by incorrectly reporting debts discharged in bankruptcy on credit reports, conducting improper investigations of consumer disputes regarding such debts, and damaging consumers as a result." *See White, et al. v. Experian Information Solutions, Inc., et al. Settlement Website* at http://www.bankruptcydischargesettlement.com/faq.php3#Q1.

35.     Upon information and belief, Verizon intentionally, knowingly and recklessly "verifies" discharged debts as still owing as a tool to pressure consumers, like Plaintiff, to voluntarily pay debts that are not legally owed, and Equifax has refused to prevent them from doing it.

## FIRST CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681*e*(b) by Equifax)

36.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

37.     A "consumer reporting agency" is defined in 15 U.S.C. § 1681*a*(f) as follows:

"[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." Equifax is a consumer reporting agency as defined by Section 1681*a*(f) of the FCRA.

38.     Section 1681*n* of the FCRA imposes civil liability on any CRA "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681*n*(a).

39.     Section 1681*o* of the FCRA provides for civil liability against any CRA that is negligent in failing to comply with any requirement imposed under the Act.

**Equifax's Failure to Follow Reasonable Procedures**

40. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681*e*(b).

41. On more than two (2) occasions in the year prior to the commencement of this lawsuit, Equifax has prepared a consumer report concerning Plaintiff and disseminated such report to one or more third party(s) that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

42. The consumer reports prepared by Equifax concerning Plaintiff contained inaccurate information in violation of 15 U.S.C. § 1681*c*(a)(3).

43. Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Plaintiff in violation of 15 U.S.C. § 1681*e*(b).

44. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation, and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

45. Equifax's continued refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

**WHEREFORE** Plaintiff prays for judgment on this *First Claim for Relief* in her favor and against Equifax, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any further relief as deemed appropriate and just by this Honorable Court.

## SECOND CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681*i* by Equifax)

46.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

47.     The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1).  The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

48.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

49.     If information is deleted from a consumer's file following a dispute, "the information may not be reinserted in the file" unless the CRA certifies that the information is complete and accurate and, even then, the CRA "shall notify the consumer of the reinsertion in writing not later than 5 business days

7

after the reinsertion[.]" *See* 15 U.S.C. § 1681*i*(a)(5)(B).

## Equifax's Reasonable Reinvestigation Violations

50.     By letters dated May 17, 2016, and August 5, 2016, Plaintiff disputed the false Verizon information appearing on her credit report.

51.     Despite Plaintiff's repeated disputes, Equifax allowed the inaccurate information to remain.

52.     As such, Equifax's failure to remove the inaccurate information demonstrates that no reasonable investigation occurred.

53.     Equifax conducted such a shoddy investigation of this dispute that, while "updating" some information, Equifax allowed the discharged Verizon account information to remain on Plaintiff's credit report and appear to be currently due, owing and delinquent.

54.     By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

55.     As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation and embarrassment, entitling them to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

56.     Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681*n*.

**WHEREFORE** Plaintiff prays for judgment on this ***Second Claim for Relief*** in her favor and against Equifax, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## THIRD CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 U.S.C. § 1681*s-2* by Verizon)

57.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

58.     Verizon is a "furnisher" as that term is used in 15 U.S.C. § 1681*s-2*.

59.     Furnishers of credit information have duties under the FCRA, specifically 15 U.S.C. § 1681*s-2*(b)(1), to investigate disputes initiated from consumers to CRAs as to the accuracy of information reported about them by the furnisher.

60.     On at least two (2) occasions, namely May 17, 2016, and August 5, 2016, Plaintiff contacted Equifax specifically to dispute the accuracy of the derogatory Verizon account being reported on her credit report.

61.     Plaintiff specifically advised Equifax that a mistake had been made, provided all necessary information to Equifax to support her dispute, and requested the false information be corrected accordingly.

62.     Upon information and belief, and pursuant to 15 U.S.C. § 1681*i*(a)(2), Verizon received

notification of these disputes from Equifax.

63.     By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Verizon negligently and/or willfully violated § 1681*s-2*(b)(1) with respect to the disputes lodged by Plaintiff.

64.     As a direct and proximate result of Verizon's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1681*o*.

65.     Verizon's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Verizon, pursuant to 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff prays for judgment on this ***Third Claim for Relief*** in her favor and against Verizon, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## FOURTH CLAIM FOR RELIEF

**(Negligent and Willful Violations of 15 U.S.C. § 1681*b*(f) Against Verizon)**

70.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

71.    The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

**(f) Certain use or obtaining of information prohibited.** – A person shall not use or obtain a consumer report for any purpose unless –

**(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

**(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681*b*(f).

72.    Section 1681*b*(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

**(a) In General.** – * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:

*        *        *

**(3)** To a person which it has reason to believe –

**(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

*        *        *

**(F)** otherwise has a legitimate business need for the information * * *

(ii)  to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681*b* (a)(3).

73.     On at least one (1) occasions since December 8, 2010, Verizon requested and obtained Plaintiff's credit report.

74.     Upon information and belief, Verizon represented to the CRAs that such requests were made for "account review" purposes.

75.     When requesting and obtaining Plaintiff's credit information from the CRAs as described herein, Verizon had actual knowledge that it did not have a permissible purpose to obtain such information.

76.     Verizon has actual knowledge that as of Plaintiff's Reno County judgment issued on December 8, 2010, and therefore Verizon was legally prohibited from pursuing any collection against or even communicating with Plaintiff about those accounts to justify an account review of her credit information.  As such, Verizon had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information.

77.     Verizon has actual knowledge that Plaintiff did not request credit from or otherwise initiate a credit transaction with Verizon at any time between December 8, 2010 and August 3, 2017.  As such, Verizon had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information.

78.     For Verizon to repeatedly request and obtain Plaintiff's private personal and financial information in the face of actual knowledge that it had no permissible purpose to do so constitutes knowing and willful violations of the FCRA.

79.     Upon information and belief, Verizon is unwilling or unable to prevent its system from

requesting and obtaining Plaintiff's consumer report without a permissible purpose, thereby subjecting her to having her private, personal and financial information disclosed without her consent, authorization or other legal justification.

80.     As a direct and proximate result of Verizon's conduct as outlined above, Plaintiff has suffered and will continue to suffer substantial injury including, but not limited to, mental anguish and emotional distress from the ongoing invasion of her privacy, entitling her to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

81.     Verizon's conduct reveals a conscious and reckless disregard of Plaintiff's rights.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct entitling her to statutory damages in the amount of up to $1,000.00 per violation pursuant 15 U.S.C. § 1681*n*(a)(2).

82.     Verizon's conduct reveals a conscious and reckless disregard of Plaintiff's rights.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct entitling her to punitive damages pursuant 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff prays for judgment on this ***Fourth Claim for Relief*** in her favor and against Verizon, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)    Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## **JURY DEMAND**

Plaintiff respectfully demands a jury trial on all issues so triable.


Respectfully submitted,


CREDIT LAW CENTER


**By: s/Andrew M. Esselman**
Andrew M. Esselman #26113
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
T: (816) 246-7800
F: (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**